ATTORNEY GENERAL LOVING ASKED ME TO RESPOND TO YOUR LETTER IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 MAY A COUNTY PURCHASING AGENT, UNDER THE AUTHORITY OF TITLE 19 O.S. 1501(A)(5), MAKE A LEASE OR LEASE PURCHASE AGREEMENT FOR USED ROAD MACHINERY AND EQUIPMENT BY FOLLOWING THE BIDDING PROCEDURES AS PROVIDED IN 19 O.S. 1505 OF TITLE 19 AND THE REQUIREMENTS OF 19 O.S. 1501 OF TITLE 19?
BECAUSE YOUR QUESTION CAN BE ANSWERED BY APPLYING PRINCIPLES OF STATUTORY CONSTRUCTION TO THE CONTROLLING STATUTES, THIS OFFICE HAS DECIDED TO RESPOND TO YOUR REQUEST THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, IT IS BASED ON MY ANALYSIS AND CONCLUSIONS REGARDING THE QUESTION YOU RAISED.
GENERAL AUTHORITY OF COUNTIES TO ENGAGE IN LEASE AND LEASE-PURCHASE AGREEMENTS
COUNTIES IN OKLAHOMA POSSESS ONLY THOSE CORPORATE POWERS WHICH HAVE BEEN ASSIGNED TO THEM BY EXPRESS PROVISIONS OF POSITIVE LAW. BD. OF COUNTY COM'RS OF OKL. COUNTY V. WARRAM, 285 P.2D 1034 (OKLA.1955). SEE ALSO, LAIRMORE V. BOARD OF COUNTY COM'RS, 195 P.2D 762 (OKLA.1948). THEREFORE, COUNTIES ONLY HAVE AUTHORITY TO LEASE OR LEASE PURCHASE ROAD MACHINERY AND EQUIPMENT IF THAT POWER IS EXPRESSLY GIVEN TO THEM BY POSITIVE LAW.
COUNTY LEASES AND LEASE PURCHASES OF ROAD MACHINERY AND EQUIPMENT WERE, PRIOR TO 1992, SPECIFICALLY AND EXCLUSIVELY GOVERNED BY PROCEDURES SET FORTH IN 69 O.S. 636.1 — 69 O.S. 636.7 (1991). 69 O.S. 636.3 PROHIBITED LEASE OR LEASE-PURCHASE OF ROAD MACHINERY AND EQUIPMENT IF THE COUNTY POSSESSED SUFFICIENT FUNDS FOR A PURCHASE OF SUCH EQUIPMENT EXCEPT IN CASE OF AN EMERGENCY OR WHERE THE EQUIPMENT WAS ONLY NEEDED FOR A SHORT TIME. A.G.OPIN. NO. 83-212.
STATUTORY AUTHORITY TO LEASE AND LEASE-PURCHASE ROAD MACHINERY AND EQUIPMENT EXPANDED BY H.B. 2108
H.B. 2108 (1992 OKLA. SESS. LAWS, C.6) EXPANDED STATUTORY AUTHORITY OF COUNTIES TO LEASE AND LEASE-PURCHASE ROAD MACHINERY AND EQUIPMENT IN TWO WAYS. FIRST, H.B. 2108 AMENDED 69 O.S. 636.3 TO AUTHORIZE LEASE OR LEASE-PURCHASE CONTRACTS FOR ROAD MACHINERY AND EQUIPMENT TO BE MADE NOT ONLY UNDER 69 O.S. 636.1 — 69 O.S. 636.7, BUT ALSO PURSUANT TO 19 O.S. 1500 — 19 O.S. 1505, AS AMENDED, ALSO KNOWN AS THE COUNTY PURCHASING ACT.
SECOND, H.B. 2108 ADDED SUBSECTION (A)(5) TO 19 O.S. 1501 (1992). SUBSECTION 19 O.S. 1501(A)(5) AUTHORIZES THE COUNTY PURCHASING AGENT TO MAKE LEASE OR LEASE-PURCHASE AGREEMENTS FOR ROAD MACHINERY AND EQUIPMENT IF THE COUNTY HAS ADEQUATE FUNDS FOR SUCH AN AGREEMENT, AND FOLLOWS THE PROCEDURE SET OUT THEREIN AND THE BIDDING PROCEDURES OF 19 O.S. 1505.19 O.S. 1501(A)(5) (1992)
THE LANGUAGE OF 19 O.S. 1501(A)(5) (1992) IS PLAIN AND UNAMBIGUOUS. SECTION 1501(A)(5) READS AS FOLLOWS:
 "(THE COUNTY PURCHASING AGENT) SHALL MAKE LEASE OR LEASE-PURCHASE AGREEMENT FOR ROAD MACHINERY AND EQUIPMENT IF THE COUNTY HAS ADEQUATE FUNDS APPROPRIATED DURING ANY FISCAL YEAR FOR SUCH PURPOSE AND ONLY AFTER FOLLOWING THE BIDDING PROCEDURES AS PROVIDED FOR IN SECTION 1505 OF THIS TITLE. THE TERM OF ANY LEASE OR LEASE-PURCHASE AGREEMENT AUTHORIZED PURSUANT TO THIS PARAGRAPH MAY BE FOR ANY PERIOD UP TO ONE (1) YEAR, PROVIDED, THE TERM SHALL NOT EXTEND BEYOND THE END OF ANY FISCAL YEAR, WITH AN OPTION TO RENEW SUCH AGREEMENT SUBJECT TO THE REQUIREMENT THAT ADEQUATE FUNDS ARE APPROPRIATED DURING THE FISCAL YEAR BY THE COUNTY FOR SUCH PURPOSE. THE STATE AUDITOR AND INSPECTOR'S OFFICE SHALL BE NOTIFIED BY THE COUNTY OF THE TERMS AND CONDITIONS OF A LEASE OR LEASE-PURCHASE AGREEMENT AUTHORIZED PURSUANT TO THIS PARAGRAPH BEFORE ANY SUCH AGREEMENT IS MADE BY THE COUNTY PURCHASING AGENT. (EMPHASIS ADDED.)" 19 O.S. 1501(A)(5) CLEARLY EMBODIES A POSITIVE GRANT OF AUTHORITY TO COUNTIES TO LEASE AND LEASE-PURCHASE ROAD MACHINERY AND EQUIPMENT. THE QUESTION BECOMES WHETHER THE WORDS "ROAD MACHINERY AND EQUIPMENT" INCLUDE USED EQUIPMENT.
STATUTORY CONSTRUCTION
WHENEVER THE MEANING OF A WORD OR PHRASE IS DEFINED IN ANY STATUTE, SUCH DEFINITION IS APPLICABLE WHEREVER THE WORD OCCURS, "EXCEPT WHERE A CONTRARY INTENTION PLAINLY APPEARS." 25 O.S. 2 (1991). THE TERM "EQUIPMENT" IS DEFINED IN THE OKLAHOMA CENTRAL PURCHASING ACT, 74 O.S. 85.1 (1991) ET SEQ. 74 O.S. 85.2(5) DEFINES "EQUIPMENT" AS "ALL PERSONAL PROPERTY ACQUIRED BY A STATE AGENCY FOR ITS USE WHICH IS IN THE NATURE OF A TOOL, DEVICE OR MACHINE . . ." (EMPHASIS ADDED.) ROAD MACHINERY IS CLEARLY WITHIN THE NATURE OF A MACHINE. THE USE OF THE WORD "ALL" INDICATES THE INCLUSION OF BOTH NEW AND USED MACHINERY.
NO CONTRARY LEGISLATIVE INTENT EXCLUDES USED EQUIPMENT FROM THE STATUTORY DEFINITION. LEGISLATIVE INTENT IS ASCERTAINED FROM A STATUTE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT. TXO PRODUCTION CORP. V. OKLAHOMA CORP. COM'N, 829 P.2D 964 (OKLA.1992). THE GENERAL PURPOSE OF 1501(A)(5) IS TO ALLOW COUNTIES TO LEASE OR LEASE-PURCHASE ROAD MACHINERY AND EQUIPMENT. NOTHING IN THIS PURPOSE INDICATES AN INTENT TO EXCLUDE USED EQUIPMENT FROM THE STATUTE. IN ADDITION, THE FAILURE OF THE LEGISLATURE TO IMPOSE A REQUIREMENT THAT 1501(A)(5) BE LIMITED ONLY TO LEASES OR LEASE-PURCHASES OF NEW EQUIPMENT GIVES RISE TO THE IMPLICATION THAT NO SUCH LIMITATION WAS INTENDED TO APPLY. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456 (OKLA.1964).
CONCLUSION
IT IS MY OPINION THAT IF ALL OF ITS PREREQUISITES ARE MET, 19 O.S. 1501(A)(5) (1992) AUTHORIZES COUNTIES, THROUGH THEIR COUNTY PURCHASING AGENTS, TO LEASE OR LEASE-PURCHASE BOTH NEW AND USED ROAD MACHINERY AND EQUIPMENT.
(GAY ABSTON TUDOR)